Paul N. Tranel
Erin M. Erickson
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bebtlawfirm.com

*Attorneys for Dershems*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| JANICE CLUTE, | ) |
| | ) Cause No. CV 11-97-M-DVM |
| Plaintiff, | ) |
| | ) |
| -vs.- | ) **DEFENDANTS LYNITTA** |
| | ) **DERSHAM'S AND PHILIP** |
| LYNITTA M. DERSHEM, | ) **DERSHEM'S BRIEF IN** |
| PHILIP A. DERSHEM, JOHN DOE 1 | ) **SUPPORT OF MOTION FOR** |
| through 5, and UNITED STATES OF | ) **SUMMARY JUDGMENT ON** |
| AMERICA, | ) **COUNT II OF PLAINTIFF'S** |
| | ) **AMENDED COMPLAINT** |
| Defendants. | ) |

---

## I. INTRODUCTION

This case stems from a slip and fall that Janice Clute (the "Plaintiff")

experienced while walking on a sidewalk abutting a United States Post Office (the

"Post Office") in Granite County, Montana. Specifically, Plaintiff caught her toe on a partially-elevated segment of the sidewalk and fell forward onto her arms and face, suffering various injuries. The Post Office occupies the premises (the "Property") as a tenant under a commercial lease (the "Lease") with the owners, Lynitta M. Dershem and Philip A. Dershem (the "Dershems"), who have rented to the Post Office since acquiring the Property in 1994.

Plaintiff seeks to hold both the Post Office (under Count I)[1] and the Dershems (under Count II) liable for failing to warn of or repair the elevated segment of the sidewalk, which she characterizes as a property defect.

On the undisputed facts and as a matter of law, the Dershems cannot be held liable for such a defect because only the tenant (i.e., the Post Office) was responsible for taking reasonable measures to protect third persons such as the Plaintiff. While there are exceptions to this rule, none of them apply.

The Post Office is likely to argue that the lease required the Dershems to repair the defect, yet even if this interpretation of the lease were correct, no duty to make such repairs arose because the Dershems received no prior notice. Indeed, the lease obligates the Post Office to perform repairs and maintenance of areas such as

---

[1] Technically, Count I is directed against the United States of America under the Federal Tort Claims Act, but the term "Post Office" is used herein for ease of reference.

the sidewalk, and the Post Office conducted regular inspections of the area in question but failed to take preventive measures or notify the Dershems (which the lease requires if the Post Office considers the repairs to be the Dershems' responsibility). The Post Office took it upon itself to repair the defect after the accident, and while this is not admissible to show negligence, it confirms that the Post Office exercised control of the area and had prior constructive notice. Under these undisputed facts, the Dershams simply cannot be held liable on Count II of the Amended Complaint and should be excused from these proceedings.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). When confronted with a motion for summary judgment, the Court should not "[w]eigh the evidence and determine the truth of the matter," but the Court should "[d]etermine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Once the moving party has met its burden of demonstrating to the Court that there is no genuine issue of material fact that should be decided at trial, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584 (1986). The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. *Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). The question then becomes "[w]hether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 252. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *T.W. Elec. Serv. v. P. Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987). The materiality of a fact is determined by the substantive law governing the claim or defense. *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.*

Here, the undisputed materials facts show that Plaintiff cannot recover against the Dershems as a matter of law. The Dershems are lessors of the Property and according to Montana law are not responsible to protect third parties from

defects thereon, since such defects are within the control of the lessee (here, the Post Office). That rule is borne out by the activities of the Post Office under the Lease, since the Post Office inspected the area on a regular basis; the inspections conformed to internal procedures regarding the maintenance of property under the Post Office's care; and the Post Office took it upon itself to repair the defect after the accident. While the Lease does obligate the Dershems to maintain the Property in certain respects, those discrete obligations do not extend to the sidewalk defect at issue here. Even if it were otherwise, the Lease required the Post Office to notify the Dershems and request repairs falling within the Dershems' obligations, but the Post Office never did so, meaning again that the Dershems cannot be held liable.

Since the defect Plaintiff complains of was in the sole custody and control of the Post Office, only the Post Office may be held liable. As such, Count II against the Dershems must be dismissed.

### III. ARGUMENT

As a general rule, lessees rather than lessors are held responsible for property defects on the leased premises. *See Gray v. Fox W. Coast Serv. Corp.*, 18 P.2d 797 (Mont. 1933); *Parrish v. Witt*, 555 P.2d 741 (Mont. 1976); *Hayes v. U.S.*, 475 F. Supp. 681 (D. Mont. 1979). The Montana Supreme Court once explained the rule as follows:

> [A] lessor of land usually has no control over the conduct of the lessee or the person upon the leased land while the lessee is in possession of it. Therefore, the traditional common law rule has been that the lessor is under no obligation to anyone to look after the premises or to keep them in repair, and is not responsible, either to persons injured on or off the land for conditions which develop or are created by the tenant after possession has been transferred.

*Larson-Murphy v. Steiner*, 15 P.3d 1205, ¶ 103 (Mont. 2000).

There are exceptions, of course. For example, residential lessors have enhanced duties to persons visiting the premises. *See, e.g.*, *Limberhand v. Big Ditch Co.*, 706 P.2d 491, 498 (Mont. 1985). A lessor can remain liable for harms or nuisances occurring offsite if they result from an activity occurring onsite and which the lessor knew of upon executing the lease. *Larson-Murphy*, 15 P.3d at ¶ 104. Lessors can become liable for making negligent repairs or improvements to the premises, if the lessee did not know or have reason to know of the defect before it caused harm. *Hayes*, 475 F. Supp. at 682, 683 (citing *Parrish*, 555 P.2d at 743). And lessors can become liable for *failing* to make repairs – such as required by a lease – if the lessor had notice that repairs were necessary. *Meloy v. Speedy Auto Glass, Inc.*, 182 P.3d 741, ¶ 15 (Mont. 2008); *Larson-Murphy* at ¶ 103.

The undisputed material facts of the present case show that none of these exceptions apply, meaning that the general rule absolves the Dershems of liability for the accident at issue in the Amended Complaint.

First, the Lease here is commercial, not residential, so the enhanced duties discussed in *Limberhand* have no bearing.

Second, the harm at issue in the Amended Complaint occurred on the Property rather than off, since the Lease designates the sidewalks as among the premises being rented to the Post Office. State. Undisputed Material Facts at ¶ 6 (hereinafter "S.U.M.F"). As a result, the exception set forth in *Larson-Murphy* also has no bearing.

Third, the Dershems made no improvements or repairs to the sidewalk where the accident occurred, which erases the exception discussed in both *Hayes* and *Parrish*. S.U.M.F at ¶ 16. Even if the sidewalk defect had resulted from some sort of negligent repair or improvement by the Dershems, the fact remains that the Post Office occupied the Property for *thirteen years* as the Dershems' lessee before the accident and inspected the sidewalk on a regular basis. S.U.M.F at ¶¶ 4, 5, 10. Moreover, the Post Office undertook to repair the sidewalk after the accident. S.U.M.F at ¶ 14. Such activity, though inadmissible to show negligence, certainly helps demonstrate control of the area and the ability of the Post Office to have taken preventive measures. *See* Fed. R. Evid. 407. According to *Hayes* and *Parrish*, this means the Post Office would remain responsible for the defect even if the Dershems had created it, since the Post Office was in a position to detect and

repair the defect. The Post Office's internal maintenance procedures confirm that inspections of this sort are necessary only where the Post Office assumes responsibility for the area in question. S.U.M.F at ¶ 11. Since that is precisely what the Post Office did, only the Post Office could be held responsible even if the Dershems had created the sidewalk defect (which they did not).

And fourth, the Dershems did not breach any duty to make repairs as required by the Lease. Assuming arguendo that the Lease designated the sidewalk as part of the Dershems' repair responsibility, the undisputed fact remains that the Post Office did not notify the Dershems that such repairs were necessary, even though the Lease required the Post Office to provide any such notification by certified or registered mail. This absence of prior notice is confirmed not only by the Dershems' own affidavits, but by the Post Office's admission of not detecting the elevated sidewalk segment and not even considering it a defect. S.U.M.F at ¶¶ 8, 9, 13, 15. Because the Dershems had no notice that repairs were necessary, the Dershems cannot be said to have breached a duty. *See Meloy*, 182 P.3d at ¶ 15.

Though not essential to the Dershems' motion, it is worth pointing out that the Lease does not even designate the sidewalk as an area that the Dershems were responsible for repairing. The Lease identifies the sidewalks as among the areas being rented to the Post Office, who is obligated to repair and maintain all areas not

otherwise designated to the Dershems for repairs. Those other areas are the following:

- "Repairs to all common or joint use equipment and fixtures that may be included as part of this Lease." S.U.M.F at ¶ 7.

Sidewalks are not identified as "equipment" or "fixtures" anywhere in the Lease, nor do sidewalks meet that definition as a matter of common sense. Though the first page of the Lease notes that common areas are part of the Property, such common areas are listed separately from the sidewalks.

- "All repairs to structural elements and all parts of the roof system. The term 'structural elements' as used in this clause is limited to the foundation, bearing walls, floors (not including floor covering), and column supports. The roof system includes, but is not limited to, the roof covering, flashing or insulation." S.U.M.F at ¶ 7.

The sidewalks clearly are not among the "structural elements" as defined here. To the extent the Post Office argues that floors also include sidewalks, once again it is important to note that the first page of the Lease identifies "net floor space" as distinct from "sidewalks."

- "Repairs resulting in Acts of God, of a public enemy, riot or insurrection." S.U.M.F at ¶ 7.

There is no evidence whatsoever that the slight difference in height between the two concrete slabs where Plaintiff fell resulted from one of these calamities.

- "Inspection, prevention and eradication of termites and any other wood eating insects and for repairs of any damage resulting therefrom." S.U.M.F at ¶ 7.

It is safe to say that the harm at issue in this case has no relationship to termites.

- "Repairs resulting from defects in building construction or installation of equipment, fixtures, or appurtenances furnished by the Lessor." S.U.M.F at ¶ 7.

There is no evidence as to what caused the defect in question here – the Post Office occupied the Property for many years and never noticed a problem with the sidewalk until after the accident, and the Dershems were never aware of a problem before the accident either. It is impossible to conclude whether the defect originated from the construction or installation of the sidewalk, or rather from a later event. Under these circumstances, it is also impossible to conclude that this portion of the Lease applies to the Dershems. (And to reiterate, even if this portion of the Lease does apply to the Dershems, their lack of notice about the defect still absolves them of responsibility for it.)

- "Repairs resulting from fire or other casualties, unless such casualties were caused by the negligence of employees or agents of the Postal Service." S.U.M.F at ¶ 7.

There is no evidence that the defect Plaintiff complains of resulted from fire or some other casualty.

- "Any ordinary repairs by the Postal Service which were made necessary by the failure of any element for which the Lessor is responsible." S.U.M.F at ¶ 7.

This final category is parasitic on the others mentioned above. Since none of those categories place a repair duty on the Dershems for the sidewalk, neither does this one.

In short, the Court should apply the general rule holding tenants rather than landlords responsible for harmful property defects, since the Dershems fit no exception to that rule and are entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Dershems request that the Court enter an order granting them summary judgment on Count II of the Amended Complaint, along with such other and further relief the Court deems warranted.

DATED this 4th day of May, 2012.

                                         /s/ Paul N. Tranel  
                                         Paul N. Tranel  
                                         BOHYER, ERICKSON,  
                                         BEAUDETTE & TRANEL, P.C.  
                                         *Attorneys for Dershems*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND
TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains __2340__ words, excluding the caption and certificates of service and compliance.

DATED this 4th day of May, 2012.

                                                               __/s/ Paul N. Tranel__
                                                       Paul N. Tranel
                                                       BOHYER, ERICKSON,
                                                       BEAUDETTE & TRANEL, P.C.
                                                       *Attorneys for Dershems*

# CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer, Erickson, Beaudette & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing *Defendants Lynitta Dersham's and Philip Dershem's Brief in Support of Motion for Summary Judgment on Count II of Plaintiff's Amended Complaint* on the following persons by the following means:

| | |
|---|---|
| __1-3__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Douglas G. Skjelset, Esq.
   Suzanne Geer, Esq.
   SKJELSET & GEER, P.L.L.P.
   PO Box 4102
   1615 South Third West
   Missoula, MT 59806-4102
   **Attorneys for Plaintiffs**

3. Timothy J. Cavan, Esq.
   Assistant U.S. Attorney
   U.S. Attorney's Office
   P.O. Box 1478
   Billings, MT 59103
   **Attorneys for United States of America**

DATED this 4th day of May, 2012.

    /s/ Paul N. Tranel
Paul N. Tranel
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
*Attorneys for Dershems*